In re BLUM.

(District Court, E. D. New York. January 19, 1912.)

BANKRUPTCY (§ 482*)—ATTORNEYS—FEES—LIEN.

Attorneys for the bankrupt, having recovered two judgments for him, scheduled the same, but did not schedule any debt paid themselves for services, nor did they file any claim for allowance or to prove a debt during the year after adjudication. A discharge having been granted and the estate closed, the attorneys collected $194.75 from the judgment debtor, and, after deducting their bill for legal services prior to bankruptcy from the amount collected, they notified the trustee, who opened the estate and then employed the same attorneys to complete the collection, for which they charged 25 per cent. *Held*, that the attorneys had preserved no legal or equitable lien on the judgments for their services before bankruptcy, and, such debt having been discharged, they were only entitled to fees for making the collection.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876; Dec. Dig. § 482.*]

In the matter of bankruptcy proceedings of Nathan B. Blum. Proceedings to determine the amount of attorney's fees allowable for the collection of certain judgments in favor of the bankrupt.

Whitmel H. Smith, for trustee.

Blandy, Mooney & Shipman, pro se.

CHATFIELD, District Judge. This bankrupt filed a voluntary petition on December 1, 1906. Blandy, Mooney & Shipman were his attorneys and prepared the schedules in which are set forth two judgments recovered by the bankrupt through the services of these attorneys. The schedules show no debt whatever to the attorneys, and they prosecuted no claim for allowance or to prove debt during the year after adjudication. On May 17, 1907, a discharge was granted, and on January 3, 1908, the estate was closed.

Thereafter Blandy, Mooney & Shipman, as attorneys, began garnishee proceedings in the name of the bankrupt against his judgment debtor, and have collected $194.75 therefrom. After deducting their bill for legal services prior to bankruptcy from the amount collected, they notified the trustee, who reopened the estate. The trustee then apparently on his own authority employed Blandy, Mooney & Shipman to complete the collection. For this collection they have charged 25 per cent. (a proper compensation). But during bankruptcy they had no security or property in their possession and nothing on which even a legal or an equitable lien had been preserved. The bankrupt has obtained a discharge from all his debts including theirs, and, if property be afterward recovered, then the creditors whose claims had been proved could alone profit therefrom, and the attorneys collecting or securing the property are entitled to their fees for the collection, and no more.

Motion granted.